whatever as the will and codicils now stand: Arthur v. Cumming, 91 U. S. 362. The 16th clause of the first codicil fell with the revocation of Item 28 of the will. The case presented here is a clear case of partial intestacy under the decisions of this court: Hitchcock v. Hitchcock, 35 Pa. 393; Bruckman's Est., 195 Pa. 363; Lipman's App., 30 Pa. 180; DeSilver's Est., 142 Pa. 74; Gray's Est., 147 Pa. 67; Schmidth's Est., 183 Pa. 641; Nebinger's Est., 185 Pa. 399; Filbert's Est., 195 Pa. 295; Corr's Est., 202 Pa. 391; Espy's Est., 207 Pa. 459; Shaner v. Wilson, 207 Pa. 550.

*John G. Johnson*, for appellee.

PER CURIAM, May 11, 1908:

This appeal is dismissed for reasons appearing in the opinion of PENROSE, J., in the court below.

---

## Dobbins's Estate (No. 2).

*Wills—Codicils—Construction—Intestacy as to principal—Charities.*

Testator devised his residuary estate to his executors to pay the whole net income to his sister for life, and upon her death the principal to such charities as she should by will direct, and upon her failure to appoint, to pay the same to eight charities named. By another clause he directed that if the bequest to charitable institutions for any reason should not take effect, or be held to be void, then he gave all moneys intended to be given to charitable purposes to his sister and brother, or to the survivor of them to be divided between them and to be disposed of by them or the survivor of them in any manner which they may deem proper and useful. A codicil revoked the charitable provisions set forth in the will and gave pecuniary legacies to certain specified charities, and further directed that the residue of his estate directed to be held in trust for the benefit of his sister should at her death be paid over to such charities as he should thereafter name in writing to his executors, or by provision in a future codicil, but if he should fail to make such designation then to pay over and distribute the same to such charitable institution or institutions as his sister should by will appoint. A subsequent codicil revoked the provision for the payment of the whole income to testator's sister, and directed his executors to pay her for life an amount per annum

which was much less than the total income. After the testator's death it appeared that he had failed to name in writing to the executors, or in a codicil, any charities as beneficiaries of the residue. The residuary income was much larger than that directed to be paid to testator's sister. *Held*, that an intestacy did not arise as to the surplus income because it was the intention that the entire residuary estate should go to charities, for which purpose accumulation was not forbidden, and it was provided that upon failure of the charitable bequests, all money intended to be given to the charities should go to testator's brother and sister.

Argued March 26, 1908. Appeals, Nos. 33, 34 and 35, Jan. T., 1908, by Mary A. Dobbins, by Mary A. Dobbins and Murrell Dobbins and by the Pennsylvania Company for Insurance on Lives and Granting Annuities, Mary A. Dobbins, Murrell Dobbins and John Stokes Adams, Executors and Trustee under the will of Edward T. Dobbins, deceased, from decree of O. C. Phila. Co., July T., 1906, No. 135, dismissing exceptions to adjudication in Estate of Edward T. Dobbins, deceased. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Exceptions to adjudication.

The facts are stated in the report of Dobbins's Estate, No. 1, ante, p. 249.

*Errors assigned* were in dismissing the exceptions of the various appellants to the adjudications.

*John G. Johnson*, for appellants.—The will and codicils, properly interpreted, disclose an intention that the charitable institutions shall take the whole residuary estate, including income as well as principal. If the accumulation of income violates the Act of 1853, P. L. 503, so that the same cannot be retained for the charitable institutions, the precise contingency results against which Item 28 provides. The intent to dispose of the whole residuary estate is too evident to permit any application of the canon which favors non-disinheritance of the heir and next of kin, and, in the present case, no such principle would apply in any event. We submit with great confidence that the act of 1853 does not in any way make the ac-

cumulation invalid: Biddle's App., 99 Pa. 525; Curran v. Philadelphia Trust Co., 15 Phila. 84; Lennig's Est., 154 Pa. 209.

*N. Dubois Miller* and *Harman Yerkes*, with them *John Faber Miller, Carroll R. Williams* and *Nicholas H. Larzelere*, for appellees.—If the power of appointment given to Miss Dobbins does cover the surplus income and is to be construed as a direction to accumulate and merge the surplus income with the principal in the distribution to be made under the will of Miss Dobbins, then such direction is void under the act of 1853: McKee's App., 96 Pa. 277; Eberly's App., 110 Pa. 95; DeRenne's Est., 12 W. N. C. 94; Chamberlayne v. Brockett, L. R. 8 Chancery App. Cases, 206; McBride's Est., 152 Pa. 192; Grim's App., 109 Pa. 391; Howell's Est., 180 Pa. 515; Martin's Est., 185 Pa. 51; Edwards's Est., 190 Pa. 177.

The will and codicils properly interpreted do not disclose an intention that charitable institutions are to take the entire residuary estate, including the income as well as the principal. The accumulations of income being void under the act of 1853, Item 28 affords no assistance in disclosing what shall be done with them: Arthur v. Cumming, 91 U. S. 362.

Item 28 is not operative at all.

PER CURIAM, May 11, 1908:

The decree is reversed and the exceptions of the appellants directed to be sustained in accordance with the opinion of Judge PENROSE.

---

## McClellan's Estate.

*Will—Power of appointment—Valid exercise of power—Intestacy.*

Testatrix gave all of her estate to her husband for the term of his life with power to dispose of the same during his life and with power at his death to appoint and vest any or all that remained undisposed of to such person as he might see fit, provided that nothing should be disposed of or given during his life or by his will to any member of his family.